FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA MARCH and CHARLES MARCH, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL RENAL CARE INC., a foreign for profit corporation d/b/a DAVITA; RENAL TREATMENT CENTERS-WEST, INC., a foreign for profit corporation; and DOES 1-5,<br><br>Defendants. | CASE NO: 4:24-CV-5079-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND REMAND |

BEFORE THE COURT is Plaintiff's Motion to Amend, Remand, or Dismiss (ECF No. 16).  Defendants have requested oral argument on this motion.  ECF No. 22 at 1.  The Court has reviewed the briefing and the record and files herein and is fully informed on the issues without the need for oral argument.  Therefore, this motion is submitted for consideration without oral argument.

//

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 1

BACKGROUND

Plaintiffs Lisa March and Charles March ("Plaintiffs") filed their initial Complaint May 26, 2024, in Franklin County Superior Court. ECF No. 1-1. The complaint alleges Plaintiff Lisa March ("March") was employed by Total Renal Care Inc. and Rental Treat Centers – West, Inc. (collectively "Defendants") as the mid-Columbia Kidney Center Manager in Franklin County, Washington. ECF No. 1-1 at 3, ¶ 9. In September of 2022, March reported her supervisor, Alan Grimm ("Grimm"), to human resources ("HR") for inappropriately touching her while at work. *Id.*, ¶ 15. Shortly after, March received a "write-up" from Grimm over "a trivial comment made by" March. *Id.*, ¶ 21. March reported this to HR but never received a response. *Id.*, ¶ 23. After March sent a follow up email to HR regarding the harassment report against Grimm, HR arranged a three-way call between HR, March, and Grimm. *Id.* at 3, ¶ 24, at 4 ¶ 8. The complaint alleges that after the call, March started receiving random, unsubstantiated complaints of misconduct and work performance issues from Grimm despite Grimm having only visited March's facility two or three times. *Id.* at 4, ¶ 19.

In March 2023, March followed up with HR about concerns of mistreatment and retaliatory behavior she was receiving from Grimm since coming forward with the sexual harassment claim against him. *Id.* at 5, ¶ 13. On April 24, 2023, HR responded that no further investigation of March's complaints would take place.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 2

*Id.*, ¶ 23. The complaint alleges that from March 2023 to March's termination on August 16, 2023, March was specifically targeted and scrutinized by Grimm. *Id.* at 6, ¶ 1.

The complaint also alleges March and other female employees of Defendants were repeatedly bullied by another co-worker, Jesse Fazio ("Fazio"), and March received no response from HR after filing a formal complaint against Fazio in June 2023. *Id.* at 7, ¶¶ 1, 5. March alleges she was ultimately terminated August 2023 in retaliation for coming forward about Fazio's abusive behavior and Grimm's sexual harassment. *Id.*, ¶14. March further alleges Defendants consistently refused to support March and "systematically and consistently disregarded Mrs. March's concerns regarding the facilities and risks posed to employees and patients." *Id.* at 8, ¶¶ 1, 7.

Plaintiffs filed this action in Franklin County Superior Court (including DOES 1-5), asserting state law claims for discrimination and retaliation, wrongful termination, and loss of consortium. Defendants timely filed a Notice of Removal on July 8, 2024, to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(c). ECF No. 1. On August 16, 2024, Plaintiffs simultaneously filed three motions. The first for leave to file an amended complaint adding claims against Defendants and additional non-diverse defendants, the second to remand the case back to state court, and the third for voluntary dismissal if remand is denied. ECF

No. 16. As discussed below, the Court grants Plaintiffs' motion for leave to amend the complaint to add additional parties. Accordingly, the case will be remanded to Franklin County Superior Court for all further proceedings.

## DISCUSSION

Plaintiffs seek to amend their complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 15 to both add two additional claims and previously unidentified non-diverse defendants. The Court has not set a scheduling order in this case, yet. Plaintiffs cite to FRCP Rule 15 and 20 as a basis for adding defendants in the amended complaint, however, where a plaintiff seeks to join additional defendants in a previously removed case that would subsequently destroy the Court's jurisdiction, 28 U.S.C. § 1447(e) supplies the proper standard. Under 28 U.S.C. § 1447, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Therefore, the Court will treat Plaintiffs' motion to amend to add additional defendants as a motion for joinder under 28 U.S.C. § 1447(e).

"The decision regarding joinder of a diversity[-]destroying-defendant is left to the discretion of the district court . . ." *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998). In a joinder analysis, district courts in the Ninth Circuit generally consider the following six factors:

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 4

    (1) Whether the party sought to be joined is needed for just adjudication and would be joined under [FRCP] 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and whether denial of joinder will prejudice the plaintiff.

*Falcon v. Scottsdale Ins. Co.*, 2006 WL 2434227, at *2 (E.D. Wash. Aug. 21, 2006).

    1. <u>Just adjudication and Federal Rules of Procedure rule 19</u>

    Under the first factor, "[FRCP] Rule 19(a) requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Falcon*, 2006 WL 2434227, at *2.

    Defendants argue this factor weighs against joining Grimm and Fazio as defendants because they are not necessary parties under FRCP 19. ECFR No. 22 at 9. Defendants argue because Plaintiffs are proceeding under a theory of vicarious liability, any of Plaintiffs' damages could be fully satisfied by existing defendants. *Id.* However, Defendants' argument necessarily presumes Plaintiffs would even be successful on a vicarious liability claim. *See, e.g.*, *Walth v. Staples the Office Superstore, LLC*, 2018 WL 616139 (E.D. Wash. Jan. 29, 2018) ("Although Defendants have stated that Spar would have vicarious liability for Mr.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 5

Udby's conduct, the Court finds that at this point in the litigation, Spar's assertions of liability may be undermined by later motion practice."). If Defendants were to succeed in avoiding liability under a vicarious liability theory, Plaintiffs would need to refile any claims in state court against the proposed defendants.

Additionally, Plaintiffs seeks to bring an additional state claim directly against Grimm and Fazio. ECF No. 16-2 at 16. As discussed below, if Plaintiffs state a plausible claim for relief against the proposed defendants regarding the additional claim, the denial of joinder would prevent Plaintiffs complete relief. Therefore, this factor weighs in favor of joining the proposed defendants.

2. Statute of limitations

Both parties agree there is no statute of limitations issue. ECF Nos. 24 at 6; 22 at 10.

3. Timeliness

"When determining whether to allow a plaintiff to amend [a] complaint to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." *Falcon*, 2006 WL 2434227, at *3. Plaintiffs filed this motion to amend the pleadings August 16, 2024 (ECF No. 16), forty days after this action was removed on July 8, 2024. Before removal, Plaintiffs' counsel had filed a notice of unavailability with the state court May 21, 2024, indicating her absence from July 1 to July 25, 2024. ECF No. 1-3 at 29. The day after removal,

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 6

Plaintiffs' counsel filed a notice of unavailability with this court reiterating her absence from July 9 to July 25, 2024, and additionally July 31 to August 9, 2024. ECF No. 7. On July 29, Plaintiffs' counsel hired co-counsel, F. Dayle Andersen, to assist with the litigation. ECF No. 16-4 at 7. It was after co-counsel reviewed the case file August 12, 2024, that additional claims were identified addressing the proposed new defendants. *Id.* Given these facts, the Court finds Plaintiffs filed the amended pleadings in a timely fashion without unreasonable delay, therefore, this factor weighs in favor of joinder.

    4. <u>Motive for joinder</u>

    "[A] trial court should look with particular care at such motive in removal cases[] when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980).

    Defendants argue Plaintiffs' sole motivation in wanting to join additional defendants is to destroy the Court's subject matter jurisdiction over the case. ECF No. 22 at 12-13. According to Defendants, this intent is evidenced by both a statement made by Plaintiffs in the docket filings (ECF Nos. 22 at 13 ("As the addition of individual defendants will eliminate full diversity, plaintiffs assert that this warrants remand back to the Franklin County Superior Court.")) and Plaintiffs' request to dismiss the case if joinder and remand is denied. ECF No. 16-4 at 8, ¶ 1.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 7

The Court disagrees.  Defendants cited "evidence" does not persuade the Court that Plaintiffs' motive for joinder was an improper one, particularly in light of Plaintiffs' allegations in the amended complaint that appear to have merit as discussed below.

### 5. Validity of claims

Next, the Court must look to the apparent merit of the claims against the new defendants.  "The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Wilner v. Okta*, 2022 WL 5133743, at *4 (W.D. Wash. Oct. 5, 2022) (quoting *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)).  Plaintiffs seek to add both proposed defendants, Grimm and Fazio, to the existing claims of discrimination and retaliation, wrongful termination, and loss of consortium, as well as to the proposed tortious interference claim.  ECF No. 16-2 at 13-17.

Grimm was Plaintiff, Lisa March's supervisor while she was employed with Defendants.  ECF No. 1-1 at 3, ¶ 13.  Plaintiffs' existing claims against Defendants stem both directly and indirectly from Grimm's alleged behavior as March's supervisor.  *Id.* at 3-10.  The fact that Plaintiffs are pursuing a vicarious liability claim against Defendants does not make Grimm immune to personal liability.  As such, the existing claims appear to have some merit with regard to Grimm.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 8

In contrast, Fazio was March's co-worker with no mentioned supervisorial role over March. ECF No. 16-2 at 5, ¶ 21. Plaintiffs' claims of discrimination and retaliation under the Washington Law Against Discrimination ("WLAD") applies to employer/employee or similar relationships. *See, e.g.*, *Pardee v. Evergreen Shores Beach Club*, 13 Wash.App.2d 1111 (2020) ("The Pardees cannot satisfy the elements of a retaliation claim. The relationship between Shannon and the ESBC is neither an employee-employer relationship nor its functional equivalent."). Likewise, Plaintiffs' wrongful termination claim and any loss of consortium as a result of termination and the retaliation claim require an employer-employee like relationship between March and Fazio, which by Plaintiffs' own admission was not the case here. ECF No. 16-2 at 5, ¶ 21. Thus, Plaintiffs' claims against Fazio as to the first three causes of action appear to lack merit.

Of the two proposed additional claims, the handbook claim does not appear to implicate Grimm and Fazio, only Defendants. ECF No. 16-2 at 17, ¶ 7. As for the tortious interference claim, Defendants argue that because Plaintiffs allege Grim and Fazio were acting within the scope of their employment under Plaintiffs' vicarious liability theory, a simultaneous claim that Grim and Fazio were acting outside of their scope of employment for the tortious interference claim is invalid. ECF No. 22 at 14. However, FRCP 8(d)(3) permits this very action: "A party may state as many separate claims or defenses as it has, regardless of consistency."

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 9

Fed. R. Civ. P. 8(d)(3).  If Grim and Fazio are found to have been acting outside the scope of their employment, the Court finds Plaintiffs factual assertions, if proven true, support a basis for liability under the tortious interference claim.  Therefore, Plaintiffs have stated viable claims against both proposed defendants, which favors permitting joinder.

6. <u>Prejudice to Plaintiffs</u>

Preventing Plaintiffs from joining non-diverse defendants, Fazio and Grimm, in this action would require Plaintiffs to choose between pursuing parallel action arising from the same facts and circumstances as this action or foregoing any claims against Fazio and Grimm.  Any parallel litigation would also be a waste of judicial resources and risk inconsistent results.  As such, the Court finds Plaintiffs will suffer prejudice if joinder is denied.

## CONCLUSION

Considering all the factors discussed, the Court finds joinder of non-diverse defendants Fazio and Grimm is warranted in this case, thereby divesting the Court of jurisdiction over this action.  The Court reserves Plaintiffs' motion to amend to bring additional claims against Defendants to the state court.  The Court need not address Plaintiffs' motion to dismiss.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Amend (ECF No. 16) is **GRANTED in part**.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 10

2. Plaintiffs' Motion to Remand (ECF No. 16) is **GRANTED**.

3. Plaintiffs' Motion to Dismiss (ECF No. 16) is **DENIED as moot**.

4. This case is hereby **REMANDED** to the Franklin County Superior Court for all further proceedings.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, <u>mail a certified copy to the Clerk of the Franklin County Superior Court</u>, and **CLOSE** the file.

**DATED** September 25, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND AND REMAND ~ 11